REED MOTOR COMPANY *vs.* CITY OF BIDDEFORD.

York.      Opinion October 28, 1930.

*Clyfton Hewes*, for plaintiff.
*Thomas F. Locke*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-TON, THAXTER, JJ.

PATTANGALL, C. J.    On report. Assumpsit. Account annexed for goods sold and delivered brought by an automobile dealer claiming to have sold defendant a truck and to have delivered same. Defendant denies any purchase of the truck or any contract to purchase by an authorized agent.

On March 10, 1930, the following order was passed by the Board of Aldermen of the defendant city:

"Ordered:— That the committee on Streets be and are hereby authorized and directed to purchase from the Reed

Motor Company, One Dodge Brothers, 3 ton chasis and Cab, with a 5 yard wood dump body at a price not exceeding the amount of Three Thousand Three Hundred and Sixty-Four (3,364.00) dollars, as per dimentions attached to said order. Said truck to be paid out of District #4 appropriation.

Rules suspended, read twice and passed."

On the back of the order appears:

"ORDERED
In Board of Aldermen
March 10, 1930
Rules suspended, read twice
and Passed.
S.D.F.C.
Attest:
Alfred Lantagne
City Clerk.
In Common Council
March 10th, 1930
Rules suspended, read twice
and Passed in concurrence.
Attest:
Alexis Bissaillon
Clerk."

Plaintiff introduced the following exhibits:

"(Plaintiff's Exhibit No. 1)

(Letterhead Reed Motor Co.)

We the committee on Streets, duly authorized, by the City Government at the regular meeting held March 10th, 1930, to purchase from the Reed Motor Co. Inc. a Dodge Brothers Truck, for the picking up of waste in the District 4 Department accept the said Dodge Brothers Truck as authorized, so to do from the City Government at there regular meeting held March 10, 1930.

Signed    George C. Precourt    Mayor
          Philippe E. Paquet
          Henry A. Palardy
          Patrick J. Mahaney
          Leon St. Marie"

"(Plaintiff's Exhibit No. 2)
(Letterhead Reed Motor Co.)

March 12, 1930

To Reed Motor Co. Inc.

We, the Street Committee, of the City of Biddeford, duly authorized, enter an order for the following Dodge Brothers three ton Dump Truck.

| | |
|---|---:|
| 3 Ton 165 inch wheel base Cab Chassis with 34 x 7 10 ply Dual Tires | $2480.00 |
| Type W 12 Wood Body 8 Guage Steel with removable extension Sides to make 7 cubic yards capacity | 419.00 |
| Model F 4, 51/2 Ton capacity Heavy Duty Wood Hydraulic Hoist | 375.00 |
| Removable partition in center of body | 40.00 |
| Mounting Hoist and Body | 50.00 |
| | $3364.00 |

Signed — Street Committee of the City of Biddeford

George C. Precourt    Mayor      Authorized
Leon St. Marie              Reed Motor Co. Inc.
Henry A. Palardy           Edmund Haskins
Philippe E. Paquet
Harry J. Michie             Salesman
Patrick J. Mahaney       J. Petrin"

There was evidence tending to show that on March 15 the truck was delivered and accepted but that for convenience it was stored in plaintiff's garage. Passing, without comment, any controversy concerning this feature of the case, it nowhere appears that the "Street Committee" had legal authority to bind defendant by the contract which it undertook to make in its behalf.

334

The city charter contains a provision, common to such instruments, that "every law, act, ordinance or bill appropriating money having passed both branches of the city council, shall be presented to the mayor of the city and if he approves the same, he shall sign it or return it within seven days to that branch of the city council in which it shall have originated." Then follow directions as to the appropriate action of the council in case of such return.

The order of March 10, quoted above, unquestionably falls within the scope of these provisions. It was of no effect until presented to the mayor and either signed by him or sent back to the council for further action.

The evidence does not disclose that this order was ever presented to the mayor. It negatives absolutely the propositions that it was ever signed by him or returned to the council unsigned and then passed over his objection.

True, George C. Precourt, describing himself as "mayor," did, as a member of the street committee, participate in the attempted purchase of the truck, but that has no bearing on the question at issue.

Absence of authority to act for the city in this transaction renders the contract entered into by the members of the street committee with the plaintiff a nullity so far as this defendant is concerned.

*Judgment for defendant.*